J-S65038-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KARIM ALI HOLMES, | : | |
| | : | |
| Appellant | : | No. 1590 EDA 2017 |

Appeal from the Judgment of Sentence March 30, 2017
in the Court of Common Pleas of Delaware County,
Criminal Division, No(s):  CP-23-CR-0004515-2009

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED DECEMBER 21, 2017**

Karim Ali Holmes ("Holmes") appeals from the judgment of sentence imposed following the revocation of his probation.  Additionally, J. Anthony Foltz, Esquire ("Attorney Foltz"), has filed an Application to Withdraw as counsel, and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  We grant Attorney Foltz's Application to Withdraw, and affirm Holmes's judgment of sentence.

On September 27, 2011, Holmes entered a negotiated guilty plea to possession with intent to deliver and persons not to possess firearms.  The trial court sentenced Holmes to an aggregate term of 26 to 52 months in prison, followed by 2 years of probation.

Holmes was subsequently convicted of attempted murder.[1]  The trial court conducted a **Gagnon II**[2] hearing on March 30, 2017, during which Holmes stipulated that he was in violation of his probation.  The trial court sentenced Holmes to a term of 2 to 4 years in prison, to run consecutive to the sentence imposed for the attempted murder conviction.

Holmes filed a Motion for Reconsideration, which the trial court denied.  Holmes subsequently filed a timely Notice of Appeal.  On May 5, 2017, the trial court ordered Holmes to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.  In lieu of filing a concise statement, Attorney Foltz filed a Statement of his intention to file an **Anders** brief.  Attorney Foltz subsequently filed an Application to Withdraw as counsel.

We must first determine whether Attorney Foltz has complied with the dictates of **Anders** in petitioning to withdraw from representation.  **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*) (stating that "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw.") (citation omitted).  Pursuant to **Anders**, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

---

[1] Holmes also filed an appeal from the judgment of sentence imposed for his attempted murder conviction, which is docketed at No. 26 EDA 2017.

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the [appellate] court.

*Commonwealth v. Burwell*, 42 A.2d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper *Anders* brief must

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Here, Attorney Foltz has complied with the requirements set forth in *Anders* by indicating that he made a thorough review of the record and determined that an appeal would be frivolous. Further, the record contains a copy of the letter that Attorney Foltz sent to Holmes, informing him of Attorney Foltz's intention to withdraw and advising him of his rights to proceed *pro se*, retain counsel, and file additional claims. Finally, Attorney Foltz's *Anders* Brief meets the standards set forth in *Santiago*. Because Attorney Foltz has complied with the procedural requirements for withdrawing from

representation, we will independently review the record to determine whether Holmes's appeal is, in fact, wholly frivolous.

In the **Anders** Brief, the following question is presented for our review: "Did the trial court err in imposing a severe sentence and denying a Motion for Reconsideration of the sentence by … Holmes?" **Anders** Brief at 5.[3]

Holmes argues that he "deserved a certain degree of lenity in his sentence for probation violation," and that the trial court erred by ordering his sentence to run consecutive to the sentence imposed for his conviction of attempted murder. **Id.** at 8. Holmes points out that he is gainfully employed and is a responsible parent who supports his daughter. **Id.** Holmes also claims that a more lenient sentence is appropriate in light of the severity of the sentence he received for his conviction of attempted murder. **Id.**

Holmes's claim implicates the discretionary aspects of his sentence following the revocation of his probation. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial

---

[3] Holmes did not file a separate *pro se* brief, nor did he retain alternate counsel for this appeal.

question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* (quotation marks and some citations omitted).

In the instant case, Holmes filed a timely Notice of Appeal and preserved his claim in his Motion for Reconsideration. Although we note the absence of the requisite Pa.R.A.P. 2119(f) statement in the ***Anders*** Brief, "[w]here counsel files an ***Anders*** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether [Holmes's] issue is frivolous." ***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted).

Holmes argues that the trial court erred in directing his "severe" sentence to run consecutive to the sentence imposed for the underlying attempted murder conviction, and by failing to consider certain mitigating factors. ***Anders*** Brief at 5, 8. Holmes's claim raises a substantial question. ***See Commonwealth v. Swope***, 123 A.3d 333, 340 (Pa. Super. 2015) (concluding that a "challenge to the imposition of [] consecutive sentences as unduly excessive, together with [a] claim that the court failed to consider [] rehabilitative needs and mitigating factors upon fashioning its sentence, presents a substantial question."). Thus, we will consider the merits of Holmes's claim.

Our standard of review is well-settled:

- 5 -

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014).

The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant appears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721.

*Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014) (some citations and

quotation marks omitted).

Upon revocation of probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentence, including incarceration. 42 Pa.C.S.A. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." *Id.* § 9771(c).

Moreover, "[i]n every case in which the court … resentences an offender following revocation of probation, … the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* § 9721(b); *see also* Pa.R.Crim.P. 708(D)(2) (providing that "[t]he judge shall state on the record the reasons for the sentence imposed."). However, following revocation of probation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. *See Pasture*, 107 A.3d at 28 (stating that "since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing.").

Here, the trial court sentenced Holmes to 2 for 4 years in prison following the revocation of his probation. Holmes's post-revocation sentence

is within statutory bounds,[4] and is based on a new criminal charge. ***See*** 42 Pa.C.S.A. § 9771(b), (c). Moreover, during the ***Gagnon II*** hearing, Holmes's counsel informed the court that Holmes had nearly completed his term of probation at the time of the offense giving rise to the revocation of probation; he had a job; and he has a four-year-old child. ***See*** N.T., 3/30/17, at 5. Holmes's counsel also argued that Holmes was not "consistently violating" his probation. ***See id.*** Further, the trial court noted the seriousness of the new criminal charge and the victim's injuries, stating that "[i]t's a nasty crime, and you got to pay something for it." ***Id.*** at 6.

Based upon the foregoing, we conclude that Holmes's post-revocation sentence of 2 to 4 years in prison is not manifestly excessive, and "the court was free to impose the sentence consecutively to his other sentences for the crimes he committed while on probation." ***Swope***, 123 A.3d at 341. Discerning no abuse of discretion by the trial court, we will not disrupt Holmes's sentence on appeal.

Finally, our independent review discloses no other non-frivolous claims that Holmes could raise on appeal. Accordingly, we grant Attorney Foltz's Application to Withdraw, and affirm Holmes's judgment of sentence.

Application to Withdraw granted. Judgment of sentence affirmed.

---

[4] As an ungraded felony, possession with intent to deliver carries a maximum sentence of 7 years in prison. ***See*** 18 Pa.C.S.A. § 106(b)(5) (providing that "[a] crime declared to be a felony, without specification of degree, is of the third degree."); ***see also*** 42 Pa.C.S.A. § 1103(3) (providing that, for a third-degree felony, the maximum sentence is 7 years in prison).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2017